# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

LAWRENCE L. INGRAM,

                              Plaintiff,

    v.                                                          5:19-CV-313 (DNH/ATB)

JAMES M. HANLEY, et al.,

                              Defendants.

LAWRENCE L. INGRAM, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff, together with an application to proceed in forma pauperis ("IFP").[1] (Dkt. Nos. 1, 4).

## I.    In Forma Pauperis ("IFP") Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

---

[1] This action was filed on March 11, 2019, but was administratively closed because plaintiff failed to properly complete his application to proceed IFP. On April 11, 2019, plaintiff filed part of the information requested by the court. (Dkt. No. 4). The action was reopened, placed on the active docket, and referred to me for initial review. Plaintiff has still failed to submit an Inmate Authorization form. However, plaintiff has filed the application with a certification of his account. Thus, the court may determine his financial status for purposes of IFP, and court will proceed to its initial review.

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

The complaint in this action is very confusing. (Complaint ("Compl.")) (Dkt. No. 1). In the caption of the complaint, plaintiff names James M. Hanley, Senior United States District Court Judge Gary L. Sharpe, and the United States Postal Service ("USPS"). (Compl. at 1). Plaintiff alleges that the "legal basis" for his complaint is "an action for damages under 42 U.S.C. § 1983," that the "amount in controversy [is] in excess of $10,000.00, and the controversy arises under 42 U.S.C. 1343 "civil rights and elective franchise." (Compl. at 1). Plaintiff then seems to also allege that he may bring this action under the Fourth Amendment. (Compl. at 2). He then states that "political rights in local elections are within the protection of the clause," "fit[ting] neatly into a fourteenth amendment equal protection analysis." (*Id.*) Plaintiff also makes statements about the Fifteenth Amendment[2] and "a *system* which discriminates against minorities." (*Id.*) (emphasis added).

The complaint then discusses communities that adopt a "commission form of government" and institute an "at large system of elections." Plaintiff cites the Illinois Revised Statutes, which apparently provide for such forms of government. (Compl. at 3). Plaintiff then states that "other consequences" which have an adverse impact upon plaintiff's business relations with others may have "ensued from the debarment." (*Id.*) Finally plaintiff states that he "may be able to show" that the postal service's action "here" was a "wrongful act" which constituted the "tort of interference with business

---

[2] U.S. Const. amend 15 § 1 states that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." Section 2 of the 15th Amendment states that "[t]he Congress shall have the power to enforce this article by appropriate legislation."

opportunity or prospective advantage." (*Id.*)

In his "Statement of Facts," plaintiff is not any more clear. (Compl. ¶ IV at 4-5). In this section of the complaint, he discusses an unknown woman, who is or was apparently running for office, with no reference to anything that may have happened to the plaintiff.[3] In his "Statement of Claims," plaintiff mentions "political rights." (Compl. ¶ V at 5). In general terms, he states that the political rights secured by the First Amendment "have been given precious little breathing space in prison." However, plaintiff recognizes in this paragraph that the nature of imprisonment has long required severe limitations on the right to assemble and associate with others in addition to restrictions on speech "whenever prison officials claim that it endangers prison security or discipline." (*Id.*) Plaintiff also mentions that "beliefs" have been controlled by various forms of punishment, "segregation, harassment, denial of parole, and so forth - which are often imposed on the prisoner who makes known his unpopular political beliefs." (*Id.*)

Finally, in his request for relief, plaintiff states that "where certified public accountant and firm of auditors with which he was associated controlled figures being reviewed, and where erroneous figures had previously been certified by such firm, accountant was required to insist upon some independent verification of unaudited financial statement contained with in [sic] proxy statement." (Compl. ¶ VI at 5). Plaintiff cites 15 U.S.C. §§ 78n and 78ff(a). Section 78n is entitled "Proxies," and contains subsections which prohibit improper solicitation of proxies. Section 78ff(a)

---

[3] Plaintiff mentions Hillary Clinton in his section entitled "Relief Requested." (Compl. at 5).

provides for penalties for willful violations and false and misleading statements. Essentially, plaintiff's complaint is a series of paragraphs which make very little sense, either separately or in combination.

The court has examined another action brought by this plaintiff in the Northern District of New York which has served to somewhat clarify plaintiff's conduct in this case. On September 10, 2018, plaintiff brought an action in this court against various defendants, who were all prison officials in South Carolina. *Ingram v. Stirling, et al.*, No. 9:18-CV-1078 (GLS/CFH). On October 4, 2018, finding that venue was improper in the Northern District of New York, Senior Judge Gary L. Sharpe ordered the case transferred to the District of South Carolina. (Dkt. No. 3 in 18-CV-1078). Plaintiff was not happy with the transfer and continued to file letters in the Northern District of New York action, first objecting to the transfer, and then submitting a document which contained Judge Sharpe and James Hanley as defendants. (Dkt. Nos. 4-6, 7 in 18-CV-1078). On March 1, 2019, Magistrate Judge Christian Hummel issued a text order in 18-CV-1078, directing the Clerk to send copies of these documents to the court in South Carolina. (Dkt. No. 8 in 18-CV-1078). In Judge Hummel's text order, plaintiff was cautioned to stop filing documents in the then-closed Northern District of New York case. (*Id.*)

One of the documents that plaintiff filed in 18-CV-1078 contained an order issued by United States Magistrate Judge Bristow Merchant on November 1, 2018 which consolidated a case that plaintiff had previously filed in the District of South Carolina with the case that Judge Sharpe transferred from the Northern District of New

5

York. (Dkt. No. 5-1 in 18-CV-1078). Magistrate Judge Bristow noted that 18-CV-1078[4] was "substantially similar" to *Ingram v. Shepard*, No. 9:18-2322, the previous South Carolina case. (Dkt. No. 5-1 at 1). In consolidating the actions, he administratively closed the new action that was transferred from the Northern District of New York. (*Id.*)

In addition to ordering consolidation, Magistrate Judge Bristow warned plaintiff that

> [t]his case is not in proper form for service at this time. **If Plaintiff does not bring this case into proper form within the time permitted in this order, this case may be dismissed for failure to prosecute and failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure.**

(Dkt. No. 5-1 at 2) (emphasis in original). The order went into great detail, giving the plaintiff specific instructions on how to bring the case into "proper form." (*Id.* at 2-4). These directions included how to properly apply for IFP status, how to complete USM-285 forms for service of the complaint, and directed plaintiff to keep the Clerk of the Court informed of any change of address. (*Id.*) Apparently, instead of complying with Magistrate Judge Merchant's order, plaintiff filed a copy of Judge Merchant's order attached to another document in the closed Northern District of New York action. (Dkt. No. 5, 5-1 in 18-CV-1078).

On December 18, 2018, Magistrate Judge Merchant issued a Report and Recommendation, explaining that plaintiff had failed to comply with his November 1,

---

[4] 9:18-CV-1078 was renumbered 9:18-2701 after transfer to the District of South Carolina.

6

2018 text order, and that plaintiff had failed to provide any of the necessary documents to proceed with his South Carolina action. (Dkt. No. 27 in 9:18-CV-2322 (DSC)). Judge Merchant stated that, instead of complying with Judge Merchant's order, plaintiff had made a motion to transfer his South Carolina case back to the Northern District of New York. In the November 15, 2018 denial of plaintiff's motion to transfer, his time to comply with the court's November 1, 2018 order was again extended. (*Id.* at 1-2) (citing Dkt. No. 15 in 9:18-CV-2322)).

Instead of complying with the court's order, the plaintiff filed what Magistrate Judge Merchant referred to as "largely gibberish-filled filings . . . unresponsive to the court's proper form orders . . . ." (*Id.* at 2) (citing Dkt. No. 20, 21, 24 in 9:18-CV-2322)).[5] Based on plaintiff's repeated failure to bring his action into "proper form" as directed by the court, and his unresponsive filings, Magistrate Judge Merchant recommended that plaintiff's case be dismissed. (*Id.*) In doing so, Magistrate Judge Merchant gave plaintiff another chance to comply with his November 1, 2018 order, by stating that if plaintiff filed the appropriate documents by the time that objections to the Report and Recommendation were due, the Clerk was directed to send the action back to the Magistrate Judge for further review. (*Id.* at 3-4).

Plaintiff did not object to the Magistrate Judge's report, and on January 8, 2019, United States District Court Judge Timothy M. Cain from the District of South Carolina adopted Magistrate Judge Merchant's recommendation, denied plaintiff's motion for a default judgment, and dismissed plaintiff's action without prejudice for failure to

---

[5] Docket No. 20 was plaintiff's motion for "a default judgment." (Dkt. No. 20 in 9:18-CV-2322).

prosecute pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 29 in 9:18-CV-2322). Plaintiff has now filed the instant complaint.

## III. Judicial Immunity

### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### B. Application

The court would first note that plaintiff has brought this action under 42 U.S.C. § 1983. Section 1983 provides a cause of action for an individual who alleges that his or her constitutional rights have been violated by a person who acts under color of *state* law. *Id.* Judge Sharpe is a federal judge, who acts under color of federal law. Suits against individual federal officials for alleged constitutional violations are brought

8

pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Even if the court assumes that plaintiff brought this action under the appropriate basis for jurisdiction, the action would still have to be dismissed.

Plaintiff does not mention Judge Sharpe in his complaint at all. The court has outlined the "facts" that plaintiff has stated in this complaint, and there is no reference to Judge Sharpe or to any actions that he took. The only "contact" that plaintiff appears to have had with Judge Sharpe is the transfer of plaintiff's former lawsuit from the Northern District of New York to the District of South Carolina.[6] Such action was clearly taken in Judge Sharpe's capacity as a federal district judge, acting in his judicial capacity in ordering the transfer. Thus, Judge Sharpe would be entitled to absolute judicial immunity even if plaintiff had actually mentioned him in the body of the complaint and had attempted to sue him for transferring the action or for any other judicial action that he took in plaintiff's case. Thus, this action must be dismissed with prejudice as against Judge Sharpe.

## IV. <u>Rule 8</u>

### A. **Legal Standards**

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL

---

[6] The court can only assume that this would be plaintiff's only basis for suing Judge Sharpe. It is clear from the documents reviewed by this court that plaintiff somehow did not wish his previous action to be transferred to South Carolina, even though none of the defendants resided in the Northern District of New York, nor did any of the conduct - to the extent that any conduct was mentioned - occur in the Northern District of New York.

9

1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)).

B. **Application**

The court is well-aware that pro se pleadings must be read to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). In this case, even if read liberally, plaintiffs' complaint fails to give the defendants fair notice of plaintiff's claims and fails to allege facts against each individual or entity named in the caption of the complaint. In fact, a liberal reading of the complaint shows that there are no claims made against any defendants. Plaintiff makes sweeping statements about the limitations that are placed on inmates' constitutional rights in general, but never makes any claim that he was subject to these allegedly unconstitutional limitations. In addition, since plaintiff never alleges that he was incarcerated in the Northern District of New York, none of the "limitations," harassment, punishment, or denial of parole that he mentions could have occurred in this district.

Plaintiff makes a conclusory statement that the "action" of the USPS constituted the "tort of interference with business opportunity or prospective advantage." The USPS enjoys federal sovereign immunity absent a waiver of that immunity. *Dolan v. United States Postal Service*, 546 U.S. 481, 483-84 (2006). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. waives sovereign immunity with respect to some torts. To the extent that plaintiff is attempting to allege some sort of claim under the FTCA against this defendant, plaintiff has not alleged how or when this occurred,

and he has not alleged that he exhausted his remedies under the FTCA. *See Davila v. Lang*, 343 F. Supp. 3d 254, 272 (S.D.N.Y. 2018) (citations omitted) (exhaustion requirement is jurisdictional and may not be waived).

In addition, the court notes that the FTCA constitutes only a limited waiver by the United States of its sovereign immunity and allows for tort suits against the United States only under specified circumstances. *See Davila*, 343 F. Supp. 3d at 270 (citing inter alia *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012); 28 U.S.C. § 1346 (b)(1)). Although New York recognizes "tortious interference with a business relationship" or "tortious interference with prospective economic advantage,"[7] it has been held that this is not a claim that may be brought under the FTCA. *Chen v. United States*, 854 F.2d 622, 628 n.2 (2d Cir. 1988) (citation omitted); *Murdock v. Microsoft Corp.*, No. 15-CV-3583, 2015 WL 5460190, at *4 (S.D.N.Y. Aug. 19, 2015) (citing inter alia *Vitrano v. United States*, No. 06 Civ. 6518, 2008 WL 1752221, at *4 (S.D.N.Y. Apr. 16, 2008) ("Claims of tortious interference with business relations are exempted from the waiver of sovereign immunity in the FTCA.")); *Champagne v. United States*, 15 F. Supp. 3d 210, 224-25 (N.D.N.Y. 2014). Thus, plaintiff's vague claim of interference with "business opportunity" is not a tort that would be included in the waiver of sovereign immunity.

To the extent that plaintiff is naming "James M. Hanley" as a defendant, the court may take judicial notice of the fact that James M. Hanley died in 2003, and plaintiff has failed to state any facts that would constitute a claim against James M.

---

[7] *Katz v. Travelers*, 241 F. Supp. 3d 397, 404 (E.D.N.Y. 2017).

Hanley. https://www.congress. gov/member/james-hanley/H000158.  To the extent that he is seeking to sue the federal building named after James M. Hanley in this District, the claim is clearly frivolous.

In his complaint, plaintiff alleges that his "confinement status" at the time of the "alleged wrongs" was "Pretrial Detainee; Civilly Committed Detainee; Convicted and Sentenced State Prisoner; Convicted and Sentenced Federal Prisoner; and Immigration Detainee." (Compl. ¶ 2 at 3).  This statement by plaintiff makes his claims even less clear, concise, and direct.  Thus, this court must recommend dismissing plaintiff's complaint in its entirety as frivolous and in violation of Rule 8.

V.     **Opportunity to Amend**

   A.     **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

   B.     **Application**

In this case, the court finds that any attempt by the plaintiff to amend this complaint would be futile.  The court will recommend dismissing with prejudice as against Judge Sharpe and James M. Hanley or the James M. Hanley Federal Building.  There is no amendment that plaintiff can propose which will allow him to sue any of these defendants, particularly in view of plaintiff's litigation history in this district, involving attempts to bring cases in the district which clearly should be filed elsewhere.

To the extent that plaintiff is attempting to sue the USPS for a "tort," the court will recommend dismissing the claim with prejudice based on sovereign immunity because the tort which plaintiff attempts to allege would not be one covered by the FTCA.

**WHEREFORE**, based on the findings above it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and (B)(iii) as frivolous and/or barred by absolute immunity as against all defendants**.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 22, 2019

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge